**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Daniel P. Scheeler, personally and on behalf of the Estate of Margaret Pedro, | ) ) | |
| | ) | **ORDER GRANTING MOTION** |
| Plaintiffs, | ) | **TO DISMISS** |
| | ) | |
| vs. | ) | Case No. 1:13-cv-00074 |
| | ) | |
| Charles J. Peterson and Mackoff Kellogg Law Firm, | ) ) | |
| | ) | |
| Defendants. | ) | |

_____

Before the court is defendants' motion to dismiss (Doc. No. 7). For the reasons set forth

below, the motion will be granted.[1]

I.    **BACKGROUND**

This action was commenced by plaintiff Daniel Scheeler filing a *pro se* complaint against

defendants Charles Peterson and the Mackoff Kellogg Law Firm, of which Peterson is a member.

The complaint itself is sparse and somewhat disjointed in terms of the relevant facts. What follows

is what the court is able to glean from the complaint and a number of attachments.

Scheeler, a resident of Phoenix, Arizona, is one of five natural children of Margaret Pedro,

now deceased. The subject of this action is a prior probate proceeding in state district court, *i.e.*,

Estate of Margaret Pedro, Case No. 45-99-P-00024, Southwest Judicial District, Stark County, North

Dakota. In that proceeding, there was a dispute over the interpretation of Margaret Pedro's will.

Scheeler was represented by an attorney from South Dakota and Scheeler's brother, who was the

_____

[1]  The parties have consented to disposition of this case by a magistrate judge. (Doc. Nos. 5 & 11).

personal representative of Margaret Pedro's estate, and Denan Pedro were represented by defendant Peterson and law firm. On July 25, 2012, the state district court entered judgment resolving what it determined to be an ambiguity in the will in favor of Denan Pedro and against Scheeler by concluding that the intent of the will was that Denan Pedro would inherit the entire estate if she survived Margaret Pedro, which she apparently did.

In this action, Scheeler alleges that Peterson provided untrue facts in the state probate proceeding that caused the state district court to rule against him. The relief that Scheeler seeks is that this court pursuant to Fed. R. Civ. P. 60(b) "[p]rovide the Plaintiff/Petitioner Daniel Scheeler relief from the Judgment for the defendants, on the grounds of fraud by defendants Mackoff Kellogg Law Firm, Represented by attorney Charles Peterson, in the presentation of his Brief dated June 13, 2012."

Defendants filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 16(b) (1) for lack of subject matter jurisdiction.

## II.    DISCUSSION

Fed. R. Civ. P. 8(a)(1) requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." The complaint in this case contains no such statement; hence, it is subject to dismissal for this reason alone. Further, it apparent from the complaint and Peterson's response to the motion to dismiss that giving leave to amend prior to dismissing the action would be futile because defendants' arguments for why subject matter jurisdiction is lacking are well-taken.

First, as defendants correctly point out, the court lacks jurisdiction to grant Scheeler the relief he requests (even if there nominally was a basis for diversity jurisdiction) because of the "probate

2

exception" to federal court jurisdiction.  E.g.,  Marshall v. Marshall, 547 U.S. 293, 307-312 (2006);

Markham v. Allen, 326 U.S. 490, 494 (1946) ("It is true that a federal court has no jurisdiction to

probate a will or administer an estate . . . .").  This is because, whatever might be the outer

boundaries of the probate exception, it is clear that Scheeler's request for relief here (which is to

grant relief from a state court judgment adjudicating the meaning of a will in a state probate

proceeding) lies at the core of the exception that federal court lacks jurisdiction to probate a will or

an estate.  See id.

Second, the court also lacks jurisdiction for another very fundamental reason as noted by

defendants, which is the Rooker-Feldman doctrine.  "This is the doctrine that prevents a losing state

court party from seeking what in substance would be appellate review of the state court judgment

in federal court, based upon District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103

S.Ct. 1303, 75 L.Ed.2d 206 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68

L.Ed. 362 (1923)."  Dittmer Properties, L.P. v. F.D.I.C., 708 F.3d 1011, 1018 n.6 (8th Cir. 2013).

In other words, if Scheeler was disappointed with the judgment of the state district court, his sole

recourse was an appeal to the North Dakota Supreme Court.

## III.    ORDER

Based on the foregoing, defendants motion to dismiss for lack of subject matter jurisdiction

(Doc. No. 7) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 26th day of March, 2014.

> /s/  Charles S. Miller, Jr.
> Charles S. Miller, Jr.
> United States Magistrate Judge